UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY L. SCHILLER,

        Plaintiff,

v.                                                  Case No. 3:19-cv-280-J-39JBT

MADISON CORRECTIONAL
INSTITUTION, et al.,
        Defendants.
_____

## ORDER

Plaintiff Anthony L. Schiller, an inmate of the Florida penal system, initiated this action on March 4, 2019, by mailing a document entitled "Injunction/Affidavit/Complaint," which the Court construes as a motion for preliminary injunction (Doc. 1; Motion). In the Motion, Plaintiff states he has become "more of a victim" since he filed civil rights lawsuits in both federal and state courts. See Motion at 1. Plaintiff asserts he was transferred to a different correctional institution out of retaliation, and he is now confined in an institution with many violent inmates and no faith-based dorm. Id. As relief, Plaintiff requests a court order directing his transfer to a different institution and the "mass transfer of gang members" and other violent inmates out of Madison Correctional Institution. He also asks that the Court compel the "care, custody, and control to this institution," to compel inmates to have unimpeded access to medical call-outs, classification, and the library, and to compel the proper delivery of inmate mail. Id. at 1, 2.

To the extent Plaintiff seeks an order directing his transfer or interfering with matters of prison administration, this Court may not grant such relief. See McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at

the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). See also Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

Moreover, the Court finds injunctive relief is not warranted. The decision to grant a preliminary injunction is vested in the "sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "A preliminary injunction is an 'extraordinary and drastic remedy,'" which will not be granted unless the movant carries his burden of persuasion. See Keister v. Bell, 879 F.3d 1282, 1287 (11th Cir.), cert. denied, 139 S. Ct. 208 (2018).

> To receive a preliminary injunction, the plaintiff must clearly establish the following requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."

Id. (quoting Palmer, 287 F.3d at 1329). Importantly, Plaintiff's Motion does not comply with Rule 65 of the Federal Rules of Civil Procedure or this Court's Local Rules, which set forth the requirements for seeking injunctive relief. Plaintiff also fails to demonstrate he faces irreparable harm if an injunction does not issue. To demonstrate entitlement to injunctive relief, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). Plaintiff complains about speculative future harm and a past violation (retaliation).

Not only is Plaintiff's filing insufficient to warrant injunctive relief, to the extent he is attempting to raise claims regarding his conditions of confinement, he has not filed a

civil rights complaint form.[1] The Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants he intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Plaintiff has not filed a complaint, nor has he provided the Court with all of the information required by the civil rights complaint form.[2]

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of March, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Anthony L. Schiller

---

[1] The Court notes that Plaintiff filed a civil rights complaint in a separate case he has pending before this Court. See Doc. 1, Case No. 3:19-cv-227-J-39JRK. The Clerk of Court docketed this Motion as a new case rather than docketing it in Plaintiff's already-pending case because Plaintiff asserts new violations against different defendants.

[2] If Plaintiff intends to file a civil rights complaint based upon the conditions of his confinement at Madison Correctional Institute, he should know this Court is not the correct venue.

3